UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HEINRICH STOETZEL, ON BEHALF      CIVIL ACTION
OF HIS DECEASED MOTHER
SUSAN STOETZEL

VERSUS     NO. 25-2256

USAA CASUALTY INSURANCE     SECTION: "J"(1)
COMPANY

## ORDER & REASONS

Before the Court is a *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* **(Rec. Doc. 4)** filed by Defendant USAA Casualty Insurance Company. Plaintiff, Heinrich Stoetzel, on behalf of his deceased mother Susan Stoetzel, opposed the motion (Rec. Doc. 5), and Defendant USAA filed a reply (Rec. Doc. 6). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion to dismiss should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On September 29, 2024, Susan Stoetzel was involved in a car accident when an underinsured motorist, Seth Harvey, turned into her lane of traffic and struck the vehicle she was driving. Ms. Stoetzel sustained extensive injuries in the accident, including a fractured hand, a fractured heel and ankle, and blunt force trauma to the chest, which Plaintiff claims caused acute pericardial effusion and premature ventricular contractions in her heart and ultimately led to her death several months later. Mr. Harvey, the other driver in the car accident, was insured by USAA, who

offered a settlement in the full amount of Mr. Harvey's liability policy, which was $15,000.00, in November of 2024. Coincidentally, USAA was also Ms. Stoetzel's insurer for her uninsured/underinsured motorist ("UIM") policy, which included limits of $100,000.00 for medical payments, $500,000.00 for bodily injury, and $1,000,000.00 under a personal umbrella UIM policy.

According to Plaintiff, by November 25, 2024, USAA had received the first set of Ms. Stoetzel's medical records and bills related to the accident, which showed the "extensive nature" of her injuries, and up to that point, Defendant had paid medical expenses in the amount of $73,473.66. (Rec. Doc. 1, at ¶ 17). Plaintiff alleges, however, that USAA failed to tender any payment under the UIM bodily injury or umbrella policy within thirty days of receiving these records. Next, Plaintiff claims that by February 26, 2025, Defendant was in possession of over 1,000 pages of medical records regarding Ms. Stoetzel's treatment leading up to her death, which Plaintiff contends was caused "by the chest and cardiac injuries she sustained in the . . . accident." *Id.* at ¶ 18. Also, by that time, Defendant had paid an additional $24,918.39 for Ms. Stoetzel's medical expenses, for a total of $98,392.05. *See id.* Again, however, Plaintiff maintains that Defendant failed to issue an unconditional tender under the UIM bodily injury or umbrella policy until Plaintiff's counsel sent two letters to Defendant in May of 2025. Then, on May 27, 2025, Defendant paid the full limits ($500,000.00 and $1,000,000.00 respectively) owed under Ms. Stoetzel's UIM bodily injury and umbrella policies.

As the representative of Ms. Stoetzel's estate, her son filed the instant suit on November 4, 2025, claiming that Defendant had breached its duty of good faith and fair dealing because it failed to issue an unconditional tender under Ms. Stoetzel's UIM bodily injury and umbrella policies within thirty (30) days of receiving satisfactory proof of her loss, thereby violating Louisiana Revised Statutes § 22:1892. Defendant filed the instant motion to dismiss on December 16, 2025, arguing that Plaintiff has failed to state a claim for bad faith on which relief can be granted.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

In the instant suit, Plaintiff claims that Defendant breached its statutory duty of good faith and fair dealing by failing to timely issue unconditional tenders on two separate occasions, thereby violating Louisiana Revised Statutes § 22:1892. Generally, this statute imposes "a duty of good faith and fair dealing" between an insurer and its insured, which requires "an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured . . . ." La. Stat. Ann. § 22:1892(I)(1)(a). More specifically, the statute provides that an insurer must pay an insured's claim "within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest." La. Stat. Ann. § 22:1892(A)(1). Furthermore, the statute enables an insured to recover penalties, attorney fees, and costs when an insurer breaches the duty to timely pay a claim, but "only if the breach is found to be arbitrary, capricious, or without probable cause." La. Stat. Ann. § 22:1892(I)(1)(a).

To establish the insurer's bad faith and hence recover penalties and fees, a plaintiff must prove (1) that the insurer failed to make an unconditional tender within thirty (30) days of receiving satisfactory proof of loss and (2) that the failure was arbitrary, capricious, or without probable cause. The plaintiff bears "the burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause." *Guidry v. USAgencies Cas. Ins. Co., Inc.*, 2019-0602 (La. App. 1 Cir. 12/27/19), 294 So. 3d 13, 21 (citing *Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-0107 (La. 10/21/03), 857 So. 2d

1012, 1020). The Louisiana Supreme Court has explained that a "satisfactory proof of loss" is that which is "sufficient to fully apprise the insurer of the insured's claims," and that such proof need not "be in any formal style." *La. Bag Co., Inc. v. Audubon Indem. Co.*, 2008-0453 (La. 12/2/08), 999 So. 2d 1104, 1119 (citations omitted).

To meet this threshold burden regarding satisfactory proof of loss, a plaintiff must demonstrate that "the insurer received sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured, (2) that he was at fault, (3) that such fault gave rise to damages, and (4) establish the extent of those damages." *Guidry*, 294 So. 3d at 21. If a plaintiff successfully establishes that the insurer possessed satisfactory proof of loss, the plaintiff must then prove that "the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay," which means that the insurer's refusal to pay was "vexatious" and "unjustified, without reasonable or probable cause or excuse." *Id.* (citing *Reed*, 857 So. 2d at 1021; then quoting *La. Bag*, 999 So. 2d at 1114).

In its Motion to Dismiss, Defendant's primary argument is that Plaintiff failed to allege sufficient facts to demonstrate that Defendant had satisfactory proof of loss prior to May of 2025, which is when Defendant paid the full limits under Ms. Stoetzel's UIM policies.[1] Defendant does not dispute that it was in possession of all

---

[1] Defendant cites to five cases to support its proposition that "[c]ourts in this district routinely grant motions to dismiss bad faith claims pursuant to Rule 12(b)(6) when the plaintiff fails to present factual allegations to establish proof of loss sufficient for an unconditional tender to issue." (Rec. Doc. 4-1, at 5 nn. 17–18). However, this is a misrepresentation of the holdings in these cases, and in fact, in all five of the cases, the defendants' motions to dismiss were denied with leave for the plaintiffs to amend their complaints. *Rodriguez v. Occidental Fire & Cas. Co. of N.C.*, No. 23-5656, 2024 WL 50842, at *3 (E.D. La. Jan. 4, 2024) (Lemelle, J.); *Bechet v. Chubb Eur. Grp. SE*, No. 23-6192, 2024

of Ms. Stoetzel's relevant medical records by February 26, 2025, but somehow Defendant argues that these medical records did not constitute satisfactory proof of loss, despite the fact that it was these records, along with correspondence from Plaintiff's counsel in May of 2025, that provided the basis for Defendant's full payments under the policies. Instead, Defendant claims that Plaintiff's complaint does not include sufficient facts regarding "what the records actually showed linking what would otherwise be an unrelated cause of death—cardiac issues—to a car accident months earlier." (Rec. Doc. 4-1, at 6).

In his opposition, Plaintiff summarizes the allegations made in the complaint and clearly demonstrates that the complaint contains well-pleaded facts to address each of the elements required for a bad faith claim. It is unclear to the Court what additional facts Defendant seeks. Plaintiff sets out two bad faith claims against Defendant. For each of these claims in the complaint, Plaintiff first alleges that USAA was aware that the tortfeasor in this case, who was also USAA's insured, had liability limits of only $15,000.00 and was hence underinsured; in fact, by November 25, 2024, USAA had settled Ms. Stoetzel's claim under the tortfeasor's policy, which indicates USAA's acknowledgement that the other driver was at fault. Plaintiff also explains that USAA was in possession of Ms. Stoetzel's relevant medical records and bills,

---

WL 3595426, at *5–6 (E.D. La. July 30, 2024) (Long, J.); *Schilleci v. Safeport Ins. Co.*, No. 23-5837, 2024 WL 4346517, at *4 (E.D. La. Sep. 30, 2024) (Long, J.). In two of the five cases, the courts granted the defendants' motions to dismiss only in regard to the plaintiffs' claims for declaratory judgment, but again, the plaintiffs in those cases were permitted to amend their complaints. *JMC-Tran Props. v. Westchester Surplus Lines Ins. Co.*, No. 22-4727, 2023 WL 2527168, at *5 (E.D. La. Mar. 15, 2023) (Africk, J.); *Omkar, LLC v. amGUARD Ins. Co.*, 624 F. Supp. 3d 646, 653 (E.D. La. 2022) (Africk, J.). Rather than supporting Defendant's argument, these cases actually do the opposite, as they suggest that courts in this district routinely deny motions to dismiss bad faith claims pursuant to Rule 12(b)(6) and grant plaintiffs leave to amend their complaints.

some pertaining to Ms. Stoetzel's initial injuries and surgery and others concerning Ms. Stoetzel's death, which were intended to apprise Defendant that the accident gave rise to damages and to lay out the extent of those damages. Finally, Plaintiff clearly alleges that USAA "arbitrarily, capriciously, or without probable cause failed to tender any payment under the UIM Policy or Umbrella Policy, despite being in possession of these satisfactory proofs of loss and demand therefore" (Rec. Doc. 1, at ¶¶ 17, 18) within the statutory thirty-day period.

Defendant asserts that to survive a Rule 12(b)(6) motion to dismiss, Plaintiff was required to specify which medical records that were in Defendant's possession demonstrated that the car accident caused Ms. Stoetzel's death. The Court disagrees and finds that Plaintiff has alleged facts sufficient to state a claim for relief that is plausible on its face.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant USAA Casualty Insurance Company's *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* **(Rec. Doc. 4)** is **DENIED**.

New Orleans, Louisiana, this 16th day of January, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE